SHEPPARD GASKILL v. THE OVERSEER OF THE POOR OF
THE TOWNSHIP OF DOWNE.

1. Where, in a matter of bastardy, the finding of the jury was "guilty," and the justices made the record of it in these words: "That the defendant, S. G., was. guilty, and the putative father of the said bastard child"—*Held*, that the verdict of guilty could mean nothing else than that the defendant was guilty of the accusation; or, in other words, the father of the child, and that the justices were justified in making the entry in form, according to the necessary meaning of the finding.

2. Where the order of bastardy determines that the child is chargeable to the township, this court will not, in the absence of evidence of payment, or agreement to pay, on the part of the township, for the support of the mother and child, conclude that the child was not chargeable to the township, contrary to what appears on the face of the order.

On *certiorari.* In case of bastardy.

Argued at June Term, 1873, before Justices BEDLE, WOOD-HULL and SCUDDER.

For the plaintiff in *certiorari*, *F. F. Westcott*.

For the defendant, *W. E. Potter*.

The opinion of the court was delivered by

BEDLE, J. Section four of the supplement to the bastardy act (*Nix. Dig.* 72,) provides that the jury "shall, by their verdict, declare and find whether or not the said person accused be the father of such bastard child." The actual finding was "*guilty*," but the justices made the record of it in these words: "That the defendant, Sheppard Gaskill, was guilty, and the putative father of the said bastard child." It is claimed that such a record was not justified by the finding, and that the issue should have been found in the words of the statute. The only issue for the jury to decide was whether he was the father of the bastard child or not. This is the plain limitation of the act. The proceedings are treated by its provisions as an accusation that he is such father, and when the jury is impaneled and sworn, the language of section four is, that "the said accusation shall thereupon be tried, as in cases in courts of common law, before such jury." The legal effect of the whole record in this case is, that Gaskill was so accused. The verdict of guilty could mean nothing else than that he was guilty of the accusation; or, in other words, that he was the father of the child. The justices, therefore, were justified in making the entry in form, according to the necessary meaning of the finding. *Middleton* v. *Quigley*, 7 *Halst.* 352.

The remaining reason urged against the order is, that no testimony was given at the trial that the overseer of the poor, or the inhabitants of the township, had expended, or entered into any contract to expend, anything for or towards the maintenance of the child or its mother, and that no testimony was given that the mother and child, or either of them, had ever been supported by the township as paupers.

This order does not include any lying-in expenses. It only charges the father and mother each with a weekly sum.

The order in the usual form determines that the child is chargeable to the township, and the proposition is, that for the want of the evidence stated, the court is to conclude that the child was not so chargeable. It is not necessary that the mother and child should be adjudged paupers before an order of bastardy can be made. *Garwood* v. *Waterford*, 3 *Dutcher* 437. But the insistment is; that the reason stated brings the case within an anonymous case in *Pennington* 870. A cursory reading of that case, creates the impression that some payment or actually incurred liability on the part of the township, for the support of the mother or child, is necessary. Yet upon careful examination, it is clear that the whole facts satisfied the court that the child was being kept by the mother, and that both were supported by her father, and that no application had been made to the overseers for the support of the child. The note to the case also states that the father of the woman had recovered a large sum of the putative father for the seduction, and was above making application for the support of the child. That case, then, goes only to the effect that the order of bastardy cannot be made where there is no application to the overseer for relief, and the child is being otherwise supported. This, of course, has no reference to preliminary proceedings to secure the township. The absence of evidence of payment or agreement to pay, for the support of the mother or child, is not sufficient for this court to conclude that the child was not chargeable to the township, and contrary to what appears on the face of the order.

The order must be affirmed, with costs.